**166**

plan. This clearly represents a modification which is impermissible under § 1322(b)(2) and which distinguishes this issue from the issues addressed in the above-cited cases. Additionally, the 6th Circuit did not distinguish treatment of junior mortgages in the *Glenn* case, *supra.* Therefore, the Court finds that second mortgages are not an exception under the clear language of the statute.

For the reasons stated above, the Court sustains the objection to confirmation. Th' debtor has 20 days from the date of this order within which to amend her plan so that it is capable of being confirmed or the case will be dismissed.

IT IS SO ORDERED.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

Joel H. Mirman, Topper, Alloway, Goodman, Deleone & Duffey, Columbus, Ohio, for creditor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

**In re Ora A. SHAVER, Karen E. Shaver, Debtor(s).**

**Bankruptcy No. 2-85-00491.**

United States Bankruptcy Court, S.D. Ohio, E.D.

June 26, 1985.

## ORDER DENYING CONFIRMATION

G.L. PETTIGREW, Bankruptcy Judge.

This matter is before the Court on the objection to confirmation of the debtors' Chapter 13 Plan by Associates Financial Services Corporation (Associates). For the reasons set forth below, the Court sustains the objection.

On February 16, 1983 Ora and Karen Shaver, the debtors, signed a promissory note with Associates to borrow $7,100 at an annual percentage rate of 21% and to be paid in monthly installments of $192.07 each. The principal amount due on the loan is $5,567.82. A second mortgage on debtors' principal residence secured the note.

On March 1, 1985 the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. They propose to pay to the trustee for disbursement to creditors

$23 per month from December through April and $675 per month from May through November. This schedule is to accomodate Mr. Shaver's employment in the construction industry which is subject to seasonal fluctuations. Associates, a fully secured creditor, is to be paid inside the Plan pro rata at an interest rate of 13%. The fair market value of the property is $39,000 according to a recent appraisal filed with the Court. There is a first mortgage of approximately $32,578.84 on the property.

Associates objects to the Plan because it reduces the payment terms and interest rate contained in the note. Associates argues that this is a modification of their rights contrary to 11 U.S.C. § 1322(b)(2). This section provides, in part, that:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> (2) *modify* the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence,* ... (Emphasis added).

## CONCLUSIONS OF LAW

 The holder of an oversecured claim is allowed "interest on such claim" pursuant to 11 U.S.C. § 506(b). In *In re Rorie*, 58 B.R. 162 (Bky.S.D.Ohio 1985) (unreported case), this Court held that reduction of the contract interest rate on a fully secured claim is an impermissible modification within the meaning of § 1322(b)(2). Debtor's argument distinguishes *Rorie* because it involved a first mortgage. The Court does not find this distinction determinative of the issue before it. A fully secured claim must be paid in full the secured value of the collateral pursuant to 11 U.S.C. § 1325(a)(5). The Code does not differentiate in § 506(b), § 1322(b), or § 1325(a)(5) among the priority of the lienholders, but rather addresses the status of the claim and the type of security interest held.

This decision does not contradict recent cases which have analyzed at length the scope and meaning of § 1322(b)(2), (3) and (5). *See In re Taddeo*, 685 F.2d 24 (2d Cir.1982); *Grubbs v. Houston First Amer. Sav. Ass'n.*, 730 F.2d 236 (5th Cir.1984); *In re Glenn*, 760 F.2d 1428 (6th Cir.1985); *In re Clark*, 738 F.2d 869 (7th Cir.1984); *In re Seidel*, 752 F.2d 1382 (9th Cir.1985). The *Taddeo* court recognized that the debtor's right to cure a default by maintaining regular payments and paying the arrearage in a reasonable time does not extend to permit a reduction in payments or change in interest rate. 685 F.2d at 28. In this instance, the debtor is not proposing to decelerate and to reinstate the original contract, rather to unilaterally and significantly change contract terms for the life of the Plan. This clearly represents a modification which is impermissible under § 1322(b)(2) and which distinguishes this issue from the issues addressed in the above-cited cases. Additionally, the 6th Circuit did not distinguish treatment of junior mortgages in the *Glenn* case, *supra*. Therefore, the Court finds that second mortgages are not an exception under the clear language of the statute.

For the reasons stated above, the Court sustains the objection to confirmation. The debtors have 20 days from the date of this order within which to amend their Plan so that it is capable of being confirmed or the case will be dismissed.

IT IS SO ORDERED.